UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SHAWANDA WADE, ) | |
| ) | |
| Plaintiff ) | |
| ) | **Case No.:** |
| v. ) | |
| ) | **COMPLAINT AND DEMAND FOR** |
| BLUESTEM BRANDS, INC. d/b/a ) | **JURY TRIAL** |
| FINGERHUT, ) | |
| ) | |
| Defendant ) | |

## COMPLAINT

SHAWANDA WADE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Indiana, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person residing in South Bend, Indiana 46601.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal place of business located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153 (39).

9. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for at least two years.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or around early 2015 and continuing thereafter through early 2017, Defendant called Plaintiff on her cellular telephone on a repeated daily basis, typically calling multiple times per day.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

14. Plaintiff knew that Defendant's calls were automated since she would be regularly greeted by a noticeable delay prior to being transferred or connected to one of Defendant's representatives.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Exasperated by Defendant's relentless calls, Plaintiff spoke to Defendant in or about September 2016 and demanded that Defendant stop calling her cellular telephone.

17. This was Plaintiff's method of revoking any previously given consent for Defendant to contact her on her cellular telephone number.

18. Defendant heard and acknowledged Plaintiff's revocation of consent.

19. Rather than restricting these calls to Plaintiff's cellular telephone, Defendant instead persisted in calling Plaintiff multiple times per day.

20. Plaintiff knew that Defendant was calling her as she spoke to male and female callers who announced their company name as Defendant's.

21. Defendant's incessant calls were grating, unnerving and agitating to Plaintiff since Defendant would often contact Plaintiff while sleeping.

22. Defendant also placed numerous voice messages to Plaintiff's cellular telephone.

23. After Defendant failed to stop calling Plaintiff and ignored her revocation of consent, Plaintiff downloaded a blocking application onto her cellular telephone.

24. Upon information and belief, Defendant conducts its business in a manner that violates the Telephone Consumer Protection Act.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

26. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice and/or automatic telephone dialing system.

27. Defendant's calls to Plaintiff were not made for "emergency purposes."

28. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent, particularly on and after September 2016, as Plaintiff revoked any previous consent to call her cellular telephone.

29.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SHAWANDA WADE, respectfully prays for a judgment as follows:

- a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);
- b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);
- c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);
- d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and
- e. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SHAWANDA WADE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: November 22, 2017

By: */s/ Joseph C. Hoeffel*
Joseph C. Hoeffel, Esq.
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: jhoeffel@creditlaw.com